UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN OBAOYE, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>METRO CARE MANAGEMENT LLC d/b/a ESSEN HEALTH CARE,<br><br>Defendant. | **COMPLAINT**<br><br>**Docket No.: 25-cv-4920**<br><br>Jury Trial Demanded |

JOHN OBAOYE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against METRO CARE MANAGEMENT LLC, which does business as ESSEN HEALTH CARE ("Defendant"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1. This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. §§ 3-401 *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. §§ 3-501 *et seq.*; (iii) the MWPCL's requirement that employers pay their employees all wages due for worked

performed at the regular hourly rate; (iv) the minimum wage provisions of the MWHL and the MWPCL; and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Defendant, a New York limited liability company, operates a network of healthcare providers across New York City. Plaintiff worked for Defendant, remotely from Maryland, as a clinical care coordinator from December 17, 2023, until August 27, 2024. As described below, throughout his employment, Defendant willfully failed to pay Plaintiff: the overtime wages lawfully due to him under the FLSA, the MWHL, and the MWPCL; all of his regular wages due under the MWPCL; and at least at the minimum wage required per hour of work under the MWHL and the MWPCL. Specifically, throughout his employment, Defendant routinely required Plaintiff to work, and Plaintiff frequently did work, in excess of forty hours in a workweek. Yet in exchange, Defendant, at its whim, paid Plaintiff on an hourly basis at his regular rate for only some of the first forty hours that he worked in a week and at his overtime rate of one and one-half times his regular rate for only some of the hours that he worked over forty in a week, and paid him nothing for many of the other hours that he worked each week, some of which were up to forty and some over forty. Thus, Defendant did not pay Plaintiff at the statutorily-required rate of one and one-half times his regular rate for all of his overtime hours, in violation of the FLSA, the MWHL, and the MWPCL, or at his regular rate for all of the hours that he worked in a week up to forty, in violation of the MWPCL.

3. Additionally, when dividing Plaintiff's total hours worked in a week by his total pay received, Defendant paid Plaintiff below the minimum wage that Maryland law requires per hour of work, in violation of the MWHL and the MWPCL.

4. Defendant paid and treated all of its clinical care coordinators in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings his claims under the MWHL and the MWPCL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action and who worked for Defendant in Maryland.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. §§ 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under Maryland law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides in this district in that its principal place of business is located in the Bronx, New York.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendant in Maryland and was an "employee" entitled to protection as defined by the FLSA, the MWHL, and the MWPCL.

9. At all relevant times, Defendant was and is a New York limited liability company with its principal place of business located in 2626 Halperin Avenue, Bronx, New York 10461, and which is registered with the New York State of Department of State to receive service at Post Office Box 788, Harsdale, New York 10530.

10. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL. Additionally, at all times relevant to the FLSA, Defendant's qualifying annual business exceeded and exceeds $500,000, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as Defendant employed and

3

employs two or more employees, conducts business across state lines, and employs remote workers outside of New York to perform work for its New York-based business, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who at any time during the applicable FLSA limitations period, performed any work for Defendant as a clinical care coordinator, or in any other similar position, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

12. At all relevant times herein, Defendant was and is aware of the requirement to pay their non-managerial employees, including Plaintiff and FLSA Plaintiffs, at the rate of and one-half times their respective regular rates of pay for all hours worked each week over forty, yet it purposefully and willfully chose, and continued to choose, not to do so. Indeed, in January 2024, Plaintiff's supervisor at the time, Fabio Vasquez, told Plaintiff that Defendant would not pay Plaintiff overtime for hours worked past his regularly scheduled work hours despite Defendant's

knowledge that Plaintiff worked past his scheduled shift to complete tasks on a frequent basis. Additionally, in April 2024, Plaintiff's supervisor at the time, Kendra Cruickshank, told Plaintiff to work past his regularly scheduled work hours despite her knowledge that Defendant would not pay Plaintiff overtime for that work.  In June 2024, Plaintiff's supervisor at the time, Jhenelle Hutchinson, told Plaintiff to work past his regularly scheduled work hours despite her knowledge that Defendant would not pay Plaintiff overtime for that work.  And, in August 2024, Plaintiff's supervisor at the time, Rosa Perez, told Plaintiff to work past his regularly scheduled work hours despite her knowledge that Defendant would not pay Plaintiff overtime for that work.  In fact, all of Plaintiff's supervisors told Plaintiff that if he wanted to be paid for time worked outside of his regular schedule, he would have to use accrued paid leave.  During these conversations, Plaintiff complained to these supervisors that Defendant was not paying him for all of his hours worked, including overtime hours, in accordance with the law, but Defendant continued to fail to pay him for all hours worked for the remainder of his employment.

13.   Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

14.   Defendant is a New York limited liability company, based in the Bronx, which operates a network of healthcare providers in New York City.

15.   Plaintiff worked for Defendant remotely from Maryland as a clinical care coordinator from December 17, 2023, until August 27, 2024.

16.   In that role, Plaintiff's primary job duties included monitoring the health status of patients, identifying their medical and social needs, and coordinating appropriate care in collaboration with the primary care provider and other members of the patient's care team.

Plaintiff routinely conducted telephonic outreach to patients, reviewed patients' medical records, developed care plans, facilitated referrals to medical specialists and community resources, and followed up on treatment progress and care gaps. Defendant required that each patient interaction be documented in a progress note, and that each progress note be submitted by no later than 8:00 a.m. the following morning in Defendant's cloud-based software application.

17. Throughout his employment, Defendant paid Plaintiff on an hourly basis at the regular hourly rate of $16.00 per hour and at the overtime rate of $24.00.

18. Throughout Plaintiff's employment, Defendant scheduled Plaintiff to work five days per week, Monday to Friday, from 9:00 a.m. to 5:00 p.m., with what was supposed to be one thirty-minute unpaid break per day, for a total of thirty-seven and one half scheduled work hours per week.

19. However, in practice, throughout Plaintiff's employment, Defendant required Plaintiff to work many hours past 5:00 p.m., frequently having Plaintiff work more than fifty hours a week, without paying him for all of that time. Specifically, Defendant required Plaintiff to complete tasks, including the submission of the progress notes, each day regardless of whether Plaintiff could do so during his regularly scheduled work hours, which he frequently could not accomplish. Despite this, Plaintiff's supervisors directed him to clock-out by 5:00 p.m. at the latest, and if he clocked-out after 5:00 p.m. or did not clock out at all, Defendant reprimanded Plaintiff and edited his timesheet to show an earlier clock-out time. Defendant also required Plaintiff to clock-out during what was supposed to be his unpaid thirty-minute lunch break, but during that time, Plaintiff frequently worked. Thus, in sum and in practice, Defendant required Plaintiff to routinely work beyond his scheduled work hours, but Defendant did not compensate Plaintiff for these hours worked at any rate of pay. As a result, and because Plaintiff frequently

worked over forty hours in a week, Defendant failed to compensate Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay for all hours that he worked over forty in a week or at his regular rate for hours worked up to forty.

20. By way of example only, for the two-week period of March 14 through March 27, 2024, Defendant required Plaintiff to work, and Plaintiff did work, the following hours:

Thursday, March 14, 2024: 9:00 a.m. until 5:00 p.m.

Friday, March 15, 2024: 9:00 a.m. until 5:00 p.m.

Saturday, March 16, 2024: Off

Sunday, March 17, 2024: Off

Monday, March 18, 2024: 9:00 a.m. until 5:00 p.m.

Tuesday, March 19, 2024: 9:00 a.m. until 5:00 p.m.

Wednesday, March 20, 2024: 9:00 a.m. until 11:00 p.m.

Thursday, March 21, 2024: 9:00 a.m. until 10:00 p.m.

Friday, March 22, 2024: 9:00 a.m. until 5:00 p.m.

Saturday, March 23, 2024: Off

Sunday, March 24, 2024: Off

Monday, March 25, 2024: 9:00 a.m. until 11:00 p.m.

Tuesday, March 26, 2024: 9:00 a.m. until 10:00 p.m.

Wednesday, March 27, 2024: 9:00 a.m. until 5:00 p.m.

Accordingly, Plaintiff worked a total of 102 hours during these weeks, forty-six during the first week and fifty-six during the second week. In exchange, Defendant only paid for 77.16 hours at his regular rate of pay, and nothing for the remaining 24.84 hours of work that Plaintiff performed these weeks at any rate, 2.84 of which should have been paid at Plaintiff's regular rate of pay, and at least twenty-two of which should have been at the rate of one and one-half times his regular

7

rate. Additionally, during this week, Defendant paid Plaintiff at the effective hourly rate of $12.10, which falls below Maryland's minimum wage rate of $15.00 per hour at the time.

21.  Defendant has treated Plaintiff and FLSA Plaintiffs in the same manner described to this point herein.

22.  Defendant has acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

23.  Each hour that Plaintiff and FLSA Plaintiffs have worked was and is for Defendant's benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the FLSA*

24.  Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25.  29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

26.  As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

27.  As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

28.  Defendant willfully violated the FLSA.

29.  Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

30. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the MWHL and the MWPCL*

31. Plaintiff, and any FLSA Plaintiff who worked in Maryland, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. The MWHL requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33. The MWPCL requires employers to pay their employees all of their earned wages, including overtime wages.

34. As described above, Defendant is an employer within the meaning of the MWHL and the MWPCL, while Plaintiff, and any FLSA Plaintiff who worked in Maryland, are employees within the meaning of the MWHL and the MWPCL.

35. As also described above, Plaintiff, and any FLSA Plaintiff who worked in Maryland, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the MWHL's overtime provisions.

36. Plaintiff, and any FLSA Plaintiff who worked in Maryland, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

37. Plaintiff, and any FLSA Plaintiff who worked in Maryland, are also entitled to three times the amount of all unpaid overtime wages, interest, and attorneys' fees for Defendant's violations of the MWHL's and the MWPCL's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay All Due Wages in Violation of the MWPCL*

38.     Plaintiff, and any FLSA Plaintiff who worked in Maryland, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39.     The MWPCL requires that employers pay their employees all of their earned wages in a timely manner.

40.     As described above, Defendant is an employer within the meaning of the MWPCL, while Plaintiff, and any FLSA Plaintiff who worked in Maryland, are employees within the meaning of the MWPCL.

41.     As also described above, Defendant failed to pay Plaintiff, and any FLSA Plaintiff who worked in Maryland, all of their earned wages in a timely manner.

42.     Plaintiff, and any FLSA Plaintiff who worked in Maryland, are entitled to all of their earned wages, three times the amount of all unpaid wages, interest, and attorneys' fees for Defendant's violations of the MWPCL's requirement to pay all earned wages.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Minimum Wages Under the MWHL and MWPCL*

43.     Plaintiff, and any FLSA Plaintiff who worked in Maryland, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.     The MWHL prescribe a minimum wage that employers must pay to their employees for each hour worked.

45.     The MWPCL requires employers to pay their employees all earned wages, including minimum wages.

46.  As described above, Defendant is an employer within the meaning of the MWHL and the MWPCL, while Plaintiff, and any FLSA Plaintiff who worked in Maryland, are employees within the meaning of the MWHL and the MWPCL.

47.  As also described above, Defendant failed to compensate Plaintiff, and any FLSA Plaintiff who worked in Maryland, at least at the minimum hourly rate that the MWHL requires per hour of work.

48.  At the least, Plaintiff, and any FLSA Plaintiff who worked in Maryland, are entitled to the minimum rate of pay that the MWHL requires for each hour of work.

49.  Plaintiff, and any FLSA Plaintiff who worked in Maryland, are also entitled to three times the amount of all unpaid wages, interest, and attorneys' fees for Defendant's violations of the MWHL minimum wage obligations and the MWPCL's requirement to pay all wages due.

## DEMAND FOR A JURY TRIAL

50.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as follows:

a.  A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and Maryland laws;

b.  Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      c.      An order restraining Defendant from any retaliation against Plaintiff or FLSA Plaintiffs for participation in any form of this litigation;

      d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      f.      Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

      g.      Granting liquidated damages and any other statutory penalties as recoverable under the FLSA, the MWHL, and the MWPCL;

      h.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i.      Pre-judgment and post-judgment interest, as provided by law; and

j.     Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       June 11, 2025

                                              Respectfully submitted,

                                              BORRELLI & ASSOCIATES, P.L.L.C.
                                              *Attorneys for Plaintiff*
                                              910 Franklin Avenue, Suite 205
                                              Garden City, New York 11530
                                              Tel. (516) 248-5550
                                              Fax. (516) 248-6027

                By:     */s/ Edgar Rivera*
                        EDGAR M. RIVERA, ESQ. (ER 1378)
                        ALEXANDER T. COLEMAN, ESQ. (AC 1717)
                        MICHAEL J. BORRELLI, ESQ. (MB 8533)